IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02522-PAB-MEH

ALEX BURTON,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY,
LAW OFFICE OF CASTLE STAWIARSKI, LLC, and
DEBRA JOHNSON, in her personal and official capacities,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Bank of New York Mellon Trust Company's Motion to Set Aside Entry of Default [docket #32], Plaintiff's response to the motion and a reply brief from the Defendant. Oral argument is not necessary. For the following reasons, the Motion is **granted**.

Plaintiff properly effected service upon the Bank of New York on October 7, 2011. The Bank's attorneys, Akerman Senterfitt LLP, moved for an extension of time to answer on October 26, 2011. This motion was granted, and the Bank was given until November 17, 2011 to answer or otherwise respond. The Bank did not file a responsive pleading, resulting in Plaintiff's Notice and Application for Clerk's Entry of Default on November 30, 2011. On December 1, 2011, the Bank moved for another, belated extension of time to answer without giving any explanation for the default nor justification. I denied this motion without prejudice for failure to support the motion with excusable neglect. The Clerk's Entry of Default posted on December 5, 2011. The current motion was filed later that day.

Defendant Bank alleges that once it was served, it tendered its defense to the "wrong servicing entity, which then engaged Ackerman [sic] Senterfitt LLP to represent the Bank. Once the mistake was discovered, Bank of New York tendered its defense to the correct servicing entity, which then engaged [Faegre & Benson LLP] to represent the Bank." Motion at 3. This, the Bank argues, constitutes excusable neglect. Plaintiff objects to the Motion and seeks to proceed with a default judgment. He claims that he will be prejudiced if relief from default is granted, in that he will lose his house (this lawsuit seeks to relieve Plaintiff from the mortgage that the Bank allegedly holds).

The way I see the matter, Akerman Senterfitt LLP fell asleep at the wheel. The firm moved for an extension of time, signed by Andrew H. Hall of the firm, on October 26, 2011. He asked that the Bank's response date be set at November 17, 2011. I granted the Bank its requested relief. *After* the motion for entry of default was filed, on **December 1, 2011** Mr. Hall nonchalantly filed another motion for extension of time, acknowledging that the answer was due **November 17, 2011** and seeking an additional extension to December 15, 2011, but otherwise not explaining the default in any way. Perhaps Mr. Hall thought the *pro se* Plaintiff was too uninformed to notice the glaring timing issue, and perhaps this Court was too busy or uninterested to care. I hope it is clear to Mr. Hall that neither of these is true. Mr. Hall was wrong to not address the fact that his motion for extension was two weeks beyond the deadline for answering. Servicing entities notwithstanding, the matter was on his desk the entire time, and he was responsible for either answering in time himself, making sure someone else answered in time, or timely arranging for an extension. If there were attorney's fees to award for this case, I would do so. As an alternative consequence, I will require Mr. Hall to submit an explanation and apology in writing for his conduct in this case on or

before January 31, 2012. If he does so in a professional manner, that will be the end of it.

As for Plaintiff's opposition to the Motion, the law requires that the Motion be granted. "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. Mar. 10, 2009). Further, the Tenth Circuit "has recognized the 'good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).'" *United States v. Rice*, 295 F. App'x 898, 901 (10th Cir. Oct. 6, 2008) (quoting *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997)). Based on the record before me, the Bank has sufficiently proffered the likelihood of a meritorious defense, and Mr. Hall's conduct has not been established to be willful. Moreover, I do not believe losing the case is the type of prejudice envisioned by the Tenth Circuit. Therefore, the applicable standard requires that I grant the Motion to Set Aside Entry of Default.

Therefore, IT IS ORDERED that Defendant Bank of New York Mellon Trust Company's Motion to Set Aside Entry of Default [filed December 5, 2011; docket #32] is **granted**.

Dated this 19th day of January, 2012, in Denver, Colorado.

                                                BY THE COURT:

                                                *Michael E. Hegarty*

                                                Michael E. Hegarty
                                                United States Magistrate Judge