IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02522-PAB-MEH

ALEX BURTON,

      Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY,
LAW OFFICE OF CASTLE STAWIARSKI, LLC, and
DEBRA JOHNSON, in her personal and official capacities,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is a Post-Settlement Motion to Dismiss with Prejudice filed by Defendants Castle Stawiarski, LLC and the Bank of New York Mellon Trust Company [filed April 5, 2012; docket #90]. Pursuant to 28 U.S.C. 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the motion is referred to this Court for recommendation. (Docket #91.) According to Defendants, the Plaintiff takes no position on the motion, and Plaintiff did not respond to this Court's order to respond. The Court finds that oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow and considering the entire record herein, the Court **RECOMMENDS** the Defendants' motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

On September 27, 2011, Plaintiff, proceeding *pro se*, initiated this action by filing a "Complaint and Jury Demand," seeking a declaration that the assignment of the deed of trust is void, injunction of foreclosure and eviction proceedings, and damages for violations of various statutes and common laws pertaining to the foreclosure of the Property.  Docket #1.  Plaintiffs bring claims for fraudulent misrepresentation, a violation of the Fair Debt Collection Practices Act (FDCPA), civil conspiracy, a violation of the Bankruptcy Code, 11 U.S.C. § 362, and a due process claim pursuant to the Fourteenth Amendment of the U.S. Constitution.  *Id.*

In response to the Complaint, the Defendants all filed motions to dismiss asserting defenses under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  *See* dockets #11, #37, and #50.  At a scheduling conference on December 16, 2011 and at the request of the parties, the Court scheduled a settlement conference for February 9, 2012.  Docket #45.  The parties attended the settlement conference on February 9, 2012, and came to an agreement to dismiss the claims in this action.  Docket #82.  This Court ordered that the parties file a stipulated motion to dismiss all claims on or before March 1, 2012.  *Id.*

On March 1, 2012, the Defendants filed a motion for extension of time within which to file dismissal papers asserting that they had "not yet finalized the agreement."  Docket #84.  The Court granted the parties an additional two weeks within which to file dismissal papers.  Docket #86.  Then, on March 15, 2012, the Defendants filed a second motion seeking another extension of time

---

determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

within which to file dismissal papers stating that the obstacles preventing the final execution of the dismissal papers were (1) whether a non-party had acquired an interest in the Plaintiff's claims, and (2) contacting the Plaintiff who had moved out of state and had provided Defendants with no physical mailing address for his new location.  Docket #87.  This Court granted the parties a three-week extension of time within which to file dismissal papers, to April 5, 2012.  Docket #89.

The Defendants filed the present motion on April 5, 2012, asserting that they had lost all contact with the Plaintiff, but that the following has taken place with respect to the settlement of the case:

1.      All parties, including the Plaintiff, signed a Settlement Agreement;

2.      Plaintiff provided the Defendants an executed W-9 tax form;

3.      On April 2, 2012, Defendant Bank of New York sent, by certified mail, a settlement check to the Plaintiff at the P.O. Box address he provided in this litigation; and

4.      On April 2, 2012, Defendant Castle sent, by certified mail, a settlement check to the Plaintiff at the P.O. Box address he provided in this litigation.

The only remaining requirement under the settlement agreement is to file a Stipulation for Dismissal with Prejudice; however, the Defendants have been unable to contact the Plaintiff to sign such document.

The Court has construed Defendants' present motion as a request for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) for the Plaintiff's failure to comply with this Court's order to file dismissal papers following settlement of the case.  The Court ordered the Plaintiff to file a response to the present motion on or before April 20, 2012.  Docket #92.  The Plaintiff failed to do so.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility

of prosecuting this case with due diligence.  Plaintiff was ordered to cooperate in filing dismissal papers with the Court, then to file a response to the present motion, but he failed to do so within the required time frame.  Additionally, Plaintiff has made no request for an extension of time within which to file the responses.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v.  Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

When evaluating grounds for dismissal of an action, the Court looks to the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Here, the Plaintiff's failure to complete the settlement process and respond to court orders prejudices the Defendants, who, in good faith, made settlement payments in exchange for the dismissal of Plaintiff's claims against them.  Moreover, the Plaintiff's non-compliance with the judicial process by failing to complete the settlement and failing to comply with the Court's orders

4

flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*. Plaintiff's disregard for the Court's orders demonstrates his culpability, and although the Court did not "warn" the Plaintiff that his claims would be dismissed, he certainly understood that dismissal would occur with the settlement of the case. Lesser sanctions than dismissal with prejudice would be improper considering the Plaintiff's participation in the settlement process.

Accordingly, the Court RECOMMENDS that the District Court **GRANT** the Post-Settlement Motion to Dismiss with Prejudice filed by Defendants Castle Stawiarski, LLC and the Bank of New York Mellon Trust Company [filed April 5, 2012; docket #90].

Respectfully submitted at Denver, Colorado, this 4th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5